MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

NATALIE LEE (CABN 277362)
Assistant United States Attorney

   450 Golden Gate Avenue
   Eleventh Floor
   San Francisco, CA 94102
   Telephone: (415) 436-7301
   Fax: (415) 436-6753
   E-Mail: natalie.lee2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 12-00748 RS |
|    Plaintiff, | |
| v. | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER RE: RECORDING |
| LAFONSO LUKE BROWN, RASHAD RAKEEM BROWN, RAKEEM MARCELLES BROWN, and MARCELIS FITZGERALD LEE, | SAN FRANCISCO VENUE |
|    Defendants. | |

     With the agreement of the parties, and with the consent of defendants, the Court enters the following Order:

     Defendants are charged by complaint with: (1) Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846; (2) Conspiracy to Commit Robbery Affecting Interstate Commerce, in violation of Title 18, United States Code, Section 1951(a); (3) Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Crime of Violence and a Drug Trafficking Crime, in

violation of Title 18, United States Code, Section 924(c)(1)(A); and (4) Aiding and Abetting, in violation of Title 18, United States Code, Section 2.  Pursuant to defendants' requests, the United States will produce copies of the audio and video recording of the alleged incidents at issue (hereinafter "RECORDING") to defense counsel, in lieu of making it available for review only, pursuant to the following restrictions:

   1. Except when being actively examined for the purpose of the preparation of the defense of defendant, the RECORDING shall be maintained in a locked, safe, and secure drawer, cabinet, or safe or password-protected electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s).  Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the RECORDING except as set forth below.

   2. The following individuals may examine the RECORDING for the sole purpose of preparing the defense of defendant and for no other purpose:

      a) Counsel for defendant;

      b) Members of defense counsel's law office or other individuals working with defense counsel who are assisting with the preparation of defendant's defense;

      c) Defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph, (defendant may not take or maintain the RECORDING or copies thereof);

      d) Investigators retained by defendant to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the RECORDING, he or she must obtain a further order of the Court before allowing any other individual to review the materials.

   3. A copy of this Order shall be maintained with the RECORDING at all times.

   4. All individuals, other than defense counsel and defendant, who receive access to the RECORDING, prior to receiving access to the materials, shall sign a copy of this Order

acknowledging that:

    a)    they have reviewed the Order;

    b)    they understand its contents;

    c)    they agree that they will only access the RECORDING and information for the purposes of preparing a defense for defendant;

    d)    they understand that failure to abide by this Order may result in sanctions by this Court.

Counsel for defendant shall either (1) send signed copies of the Order to counsel for the United States or (2) file signed copies of the Order, *ex parte* and under seal. The United States shall have no access to the signed copies filed under seal without further order of the Court.

    5.    No other person may be allowed to examine the RECORDING without further order of the Court. Examination of the RECORDING shall be done in a secure environment which will not expose the materials to other individuals not listed above.

    6.    The RECORDING may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

    7.    If the RECORDING is attached to any pleadings, the RECORDING shall be filed or lodged under seal.

    8.    The defense team shall return the RECORDING (and any duplicate copies of the same) to the United States fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

    9.    After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the RECORDING. The United States will maintain the RECORDING until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the RECORDING. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the RECORDING under the same restrictions as trial and direct appeal

PROTECTIVE ORDER
CR 12-00748 RS        3

defense counsel.  Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

STIPULATED:

DATED: October 19, 2012        /S/
                               ELIZABETH MEYER FALK
                               Attorney for Defendant Lafonso Brown

DATED: October 19, 2012        /S/
                               RANDY SUE POLLACK
                               Attorney for Defendant Rashad Brown

DATED: October 19, 2012        /S/
                               MICHAEL HINCKLEY
                               Attorney for Defendant Marcelis Lee

DATED: October 19, 2012        /S/
                               ISMAIL JOMO RAMSEY
                               Attorney for Defendant Rakeem Brown

DATED: October 19, 2012        MELINDA HAAG
                               United States Attorney


                               /S/
                               NATALIE LEE
                               Assistant United States Attorney

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: October 23, 2012        _____
                               HONORABLE RICHARD SEEBORG
                               United States District Judge